UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: LUCY MAZUREK PILCH,             Bankruptcy Court
                                       Case No. SL-00-04225

                                       District Court Case No. 1:07-CV-306
             Debtor.                   HON. GORDON J. QUIST
_____/

## OPINION

Lucy M. Pilch ("Pilch"), the debtor in the underlying bankruptcy case, moves for leave to

appeal an interlocutory order of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(3) and Rules

8001 and 8003 of the Federal Rules of Bankruptcy Procedure.  More specifically, Pilch seeks leave

to appeal the bankruptcy court's order entered February 28, 2007, regarding Pilch's objection to

creditor Salomon Brothers Realty Corporation's ("Salomon") amended proof of claim in the amount

of $55,117.00 on the grounds that Salomon's claim is barred by the doctrines of claim and issue

preclusion.[1]  The bankruptcy court disagreed with Pilch and allowed Salomon's amended proof of

claim.  For the reasons set forth below, the Court will deny the motion.

## Background

Sometime prior to May 23, 2000, Pilch obtained a loan secured by a mortgage on her

residential property located in the City of Lansing, Michigan (the "City").  The mortgage was

assigned to Salomon.  Ocwen Loan Servicing, LLC ("Ocwen") administered the loan for Salomon.

After the property was partially damaged by fire, a dispute arose between Pilch and Salomon

---

[1]The Court notes that Pilch and the bankruptcy court in its memorandum spell Salomon as "Solomon."  On the other hand, Salomon refers to itself as "Salomon" and that is the spelling that appears on the bankruptcy court docket report.  Therefore, the Court will use Salomon in this Opinion.

regarding the application of insurance proceeds. The City condemned the property due to its damaged condition, and Pilch was forced to move out. The City also notified the parties that if no action was taken to repair the property, it would be demolished. Salomon eventually commenced forfeiture proceedings and, in response, Pilch filed a Chapter 7 bankruptcy petition on May 23, 2000. On September 22, 2000, Salomon filed a proof of claim in the bankruptcy case in the amount of $55,117.00. The bankruptcy court granted Salomon's motion for lift of stay on March 29, 2001, allowing Salomon to continue with its foreclosure proceeding.

On June 6, 2001, Pilch filed a complaint in state court against Salomon and Ocwen alleging claims of breach of contract, fraudulent misrepresentation, and violation of the Michigan Consumer Protection Act ("MCPA"). Pilch also sought, and obtained, a temporary restraining order, and later, a preliminary injunction, precluding Salomon from foreclosing on the property. During the litigation, Salomon and Ocwen raised Pilch's breach of her obligation under the mortgage as an affirmative defense. Pilch's claims went to trial, and a jury found in favor of Pilch on her breach of contract and MCPA claims and awarded her damages in the amount of $45,000.00. The total judgment amount, including damages, costs, and interest, was $52,599.00. Pilch filed an appeal on the issue of her entitlement to an award of attorney fees under the MCPA. Following the trial, Ocwen filed a motion to dismiss the preliminary injunction, apparently to allow it to foreclose under a shortened redemption period, take possession of the property, and make the necessary repairs before the City razed it. Ocwen informed the court of the status of the property, but the trial court denied the motion, stating that it wished to see what transpired with Pilch's appeal.

Pilch prevailed in her appeal, and upon remand, the trial court awarded her attorney fees as part of a final judgment in the amount of $111,029.45. Ocwen paid the judgment in full by

disbursing the funds to the bankruptcy trustee.  In March 2005, the City demolished the structure on

the property.  In March 2006, the City foreclosed on the property based upon Pilch's failure to pay

the property taxes, thus extinguishing Salomon's lien.  On August 7, 2006, Salomon filed an

amended claim in the bankruptcy court reflecting that its claim was partially unsecured in light of

the demolition.  (Salomon apparently was not aware of the tax sale and the extinguishment of

Salomon's lien)  Pilch objected to the amended proof of claim, arguing that the claim was barred by

claim or issue preclusion based upon the judgment in the state court litigation.  The bankruptcy court

heard arguments on Pilch's objection and on February 28, 2007, issued a memorandum order

denying the objection.  Pilch filed the instant motion for leave to appeal the bankruptcy court's

interlocutory order on March 26, 2007.

## Discussion

Appeals of orders of a bankruptcy court to a district court are governed by 28 U.S.C. §

158(a).  A party may appeal a final judgment, order, or decree to the district court as of right.  *See*

28 U.S.C. § 158(a)(1).  With regard to most interlocutory orders, a party may appeal to the district

court only "with leave of the court."  *See* 28 U.S.C. § 158(a)(3).  Section 158(c)(2) provides that any

appeals to the district court "shall be taken in the same manner as appeals in civil proceedings

generally are taken to the courts of appeals from the district courts."  Pursuant to Rules 8001 and

8003 of the Federal Rules of Bankruptcy Procedure, a party seeking to appeal an interlocutory order

must file a notice of appeal and a motion seeking leave to appeal from the district court.  Because

Section 158(a)(3) contains no standards to guide district courts in determining whether to grant leave

to appeal, district courts have generally applied the standards set forth in 28 U.S.C. § 1292(b) for

certification of interlocutory appeals from district courts to courts of appeal.  *See First Grand Rapids*

*Place Ltd. v. Bareham* (*In re Meranda Constr. Group of Mich., Inc.*), No. 1:98-CV-92, 1998 WL

34344109, at *1 (W.D. Mich. Mar. 31, 1998); *Americare Health Group, Inc. v. Melillo*, 223 B.R.

70, 74 (E.D.N.Y. 1998).

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).  A party seeking an interlocutory appeal must show that: "(1) the question

involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference

of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal

would materially advance the ultimate termination of the litigation."  *Vitols v. Citizens Banking Co.*,

984 F.2d 168, 170 (6th Cir. 1993) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444,

446 (6th Cir. 1974)).  Thus, the Court may grant leave only if Pilch shows that the four factors set

forth above are satisfied.

An initial issue that the Court must resolve is whether Pilch was required to obtain a

certification from the bankruptcy court as required by Section 1292(b).  Salomon contends that

Pilch's failure to obtain a certification from the bankruptcy court renders her motion defective.

Salomon cites *In re Trak Microcomputer Corp.*, 58 B.R. 708 (Bkrtcy. N.D. Ill. 1986), and *In re*

*United Press Int'l, Inc.*, 60 B.R. 265 (Bankr. 1986), as support for its position.  These courts, as well

as some others, reason that the phrase, "[a]n appeal . . . shall be taken in the same manner as appeals

in civil proceedings," contained in 28 U.S.C. § 158(c)(2) requires certification by the bankruptcy court because § 1292(b) requires district courts to certify interlocutory appeals in civil proceedings. *See Trak Microcomputer Corp.*, 58 B.R. at 713 n.1; *United Press Int'l, Inc.*, 60 B.R. at 275.  On the other hand, the Third and Seventh Circuits, as well as more recent district court opinions, have held that certification by the bankruptcy court is not required.  *See Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139-40 (3d Cir. 1987) (noting that "virtually none of the courts or bankruptcy experts that have considered the implications of § 158 have understood it to require certication [sic] of interlocutory appeals by bankruptcy courts"); *Fruehauf Corp. v. Jartran, Inc. (In re Jartran, Inc.*), 886 F.2d 859, 866 (7th Cir. 1989) (agreeing with *Bertoli*)[2]; *In re MacInnis*, 235 B.R. 255, 264 (S.D.N.Y. 1998) ("Certification by the Bankruptcy Court is not required."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 64 B.R. 958, 962 (D. Del. 1986) (stating that "if FAB satisfies the three-prong test of section 1292, the appeal should be heard despite the absence of a certification from the Bankruptcy Court").  The court in *Kroh Brothers Development Co. v. United Missouri Bank of Kansas City (In re Kroh Brothers Development Co.)*, 101 B.R. 1000 (W.D. Mo. 1989), citing *Bertoli*, summarized the reasons for not requiring certification.  First, the language of Section 158 itself shows that only the district court need give permission for an interlocutory appeal.  It noted that the phrase "with leave of court" refers to district courts and the term "judge" refers to bankruptcy judges. "Thus, Congress specifically addressed which court must grant leave for an interlocutory appeal – the district court." *Id.* at 1002.  Second, a certification requirement would be contrary to the 1984 Bankruptcy Code amendments, which were adopted in response to the Supreme Court's decision in

---

[2]The Seventh Circuit's decision in *Jartran* is at odds with the *Trak Microcoputer Corp.* court's view on the issue of certification and thus renders that court's view of the law incorrect, at least within the Seventh Circuit.

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858 (1982), in which the Court invalidated many provisions of the Bankruptcy Code as violative of Article III of the Constitution. *See id.*  Because the amendments sought to expand district courts' authority over bankruptcy judges, requiring certification would be at odds with the purpose of the amendments. *See id.* ("Obviously, if certification was required, one of the main purposes of the Bankruptcy Rules, ensuring that litigants can obtain independent review of their bankruptcy claims by an Article III Court, would be defeated.").  Third, courts of appeal and district courts have typically characterized  the district court's authority to consider an interlocutory appeal as a matter of discretion. *See id.* at 1002-03.  Finally, neither the Judicial Conference of the United States nor the Supreme Court has endorsed the view that an interlocutory appeal to a district court requires certification by the bankruptcy court. *See id.* at 1003.

For the reasons set forth above, this Court agrees with those courts that have concluded that certification by the bankruptcy court is not required for appeals of interlocutory orders of the bankruptcy court.  Accordingly, Pilch was not required to obtain a certification from the bankruptcy court.

Turning to the four certification factors set forth above, the Court concludes that Pilch's motion should be denied because at least two of the four factors are not met.  First, Pilch's appeal does not present a question of law.  Interlocutory appeals under § 1292(b) are intended "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).  An appeal that presents a mixed question of law and fact does not meet this standard. *See Marsall v. City of Portland*, No. CV-01-1014-ST, 2004 WL 1774532,

6

at *2 (D. Or. Aug. 9, 2004).  In this case, the issue presented is whether the bankruptcy court correctly determined whether Salomon's claim was barred either by claim preclusion or issue preclusion.  This  is not a pure issue of law, but instead involves an application of the law to the facts, including but not limited to, the actual nature of Pilch's claims in the state court action.  In addition, Pilch has failed to demonstrate that a substantial ground for difference of opinion exists regarding the correctness of the bankruptcy court's decision.  Such a showing is made where the issue is difficult and of first impression, a difference of opinion exists within the controlling circuit, or the circuits are split on the issue.  *W. Tenn. Associated Builders v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000).  "A mere claim that a [bankruptcy] court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion."  *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005).  While Pilch may ultimately be correct that the bankruptcy court erred in its decision, Pilch has cited no case creating a substantial doubt regarding the correctness of that decision.  *See id.*  Finally, although Pilch argues that an immediate appeal would materially advance the ultimate termination of the bankruptcy case, that is not necessarily true.  The Court agrees that if Pilch were successful on her appeal, Salomon's amended unsecured proof of claim would be barred, thereby resolving all claims remaining in the bankruptcy case.  On the other hand, however, it is not clear that the litigation would be materially advanced if the Court were to affirm the bankruptcy court's order.  That is, if the state court litigation does not bar Salomon's amended proof of claim, the possibility remains for Pilch to contest the validity of the lien on the merits in an adversary proceeding, although the Court does not know whether the time for filing such a proceeding has elapsed.  In any event, due to the absence of the other two factors, the Court, in its discretion, will deny Pilch's motion.

## **Conclusion**

For the foregoing reasons, the Court will deny Pilch's motion for leave to appeal.

An Order consistent with this Opinion will be entered.


Dated:  June 8, 2007                                          /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE